UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL BOSCHETTI,<br><br>        Plaintiff,<br><br>    v.<br><br>DANIEL EVERETT O'BLENIS,<br><br>        Defendant. | CASE NO. C13-667 JLR<br><br>ORDER RE: MOTION TO RECUSE JUDGE JAMES L. ROBART |

On April 12, 2013, Defendant Daniel Everett O'Blenis filed a motion to proceed *in forma pauperis* with the court. Dkt. No. 1. That motion was reviewed by U.S. Magistrate Judge Theiler, who issued a Report and Recommendation on April 16 recommending that the IFP motion be denied on the grounds that Defendant's monthly salary was above the minimum threshold to qualify for IFP status. Dkt. No. 4. On May 6, 2013, U.S. District Judge Robart issued an order denying the IFP application and requiring Defendant (who was attempting to remove a case to this court) to pay the full filing fee of $350.00 within 30 days or face dismissal of his case.

Defendant responded by filing a Motion for Recusal of Judge James L. Robart. Dkt. No. 16. Pursuant to Local General Rule 8(c), Judge Robart reviewed Defendant's motion, declined to recuse himself voluntarily, and referred the matter to the undersigned. Dkt. No. 18. Defendant's motion is therefore ripe for review by this Court.

Having reviewed the record in the above-entitled matter, the Court finds no grounds requiring Judge Robart to recuse himself and DENIES the motion.

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which him impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or

even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* at 555.

Reviewing Defendant's motion and accompanying documentation, it is clear that he believes that a communication sent to Magistrate Judge Theiler and Judge Robart by counsel for Plaintiff alleging the impropriety of Defendant's attempt to remove the lawsuit to this district (1) was an improper "ex parte" communication and (2) improperly influenced Judge Robart to deny his IFP application.

The Court does not accept Defendant's characterization of the communication as "ex parte." "Ex parte" is defined as "without notice to, or argument by, any person adversely interested." Black's Law Dictionary (9th ed. 2009). The fact that Defendant received a copy of the letter in question means that he did receive notice of the communication and therefore it is not "ex parte."[1]

Nor does the Court accept Defendant's conclusion that the communication improperly influenced Judge Robart. In the first place, the Report recommending that Defendant's IFP application be denied was issued on April 16, over 2 weeks prior to the distribution of the letter in question. Clearly, Judge Theiler was not influenced by the letter's content in her recommendation. Nothing in Judge Robart's order adopting that recommendation indicates that he was influenced in any degree by the May 3 letter. Defendant's allegations to the contrary are nothing more than speculation, unsupported by any corroborating evidence, and the granting of IFP status is completely within the discretion of the district judge.

---

[1] The Court agrees with Judge Robart that the letter should have been filed on the court's docket and not e-mailed to the judges in question. Dkt. No. 18, Order Denying Motion, p. 2.

In the final analysis, the Court is left with the conclusion that Defendant believes Judge Robart is biased against him on the basis on his denial of his IFP application. A judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued an adverse ruling.

Defendant may disagree with Judge Robart's rulings but that is a basis for appeal, not disqualification. Upon review of the record, the Court finds that Judge Robart's impartiality cannot reasonably be questioned. There being no evidence of bias or prejudice, Defendant's request for recusal is DENIED.

## CONCLUSION

There is no reasonable basis for a voluntary recusal in this instance.

Accordingly it is hereby **ORDERED** that the undersigned **DENIES** Defendant's motion to recuse Judge Robart.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 6th day of June, 2013.

Marsha J. Pechman
United States Chief District Judge